**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4982**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAWAAD NASH, a/k/a Wad,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00039-FDW-2)

———————

Submitted: September 27, 2011      Decided: October 6, 2011

———————

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Mark P. Foster, Jr., LAW OFFICES OF MARK FOSTER, P.C., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jawaad Nash pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and four counts of conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (2006). Nash was sentenced to 330 months' imprisonment.

On appeal, Nash's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in light of Nash's appeal waiver in the plea agreement, there are no meritorious issues for appeal, but raising for the court's consideration the following two issues: (1) whether Nash's prior North Carolina convictions were "felony drug offenses" that raised Nash's statutory sentence and (2) whether the Fair Sentencing Act ("FSA") should be applied to his case. Nash filed a pro se supplemental brief raising several sentencing issues. In a notice to this court, the Government stated that it does not waive enforcement of Nash's appeal waiver. Nash's counsel subsequently filed a motion requesting this court apply the holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and the sentencing provisions of the FSA. He

2

also moved for an order directing briefing on the merits of the appeal.

We review de novo the question of whether a defendant has waived his right of appeal in connection with a plea proceeding. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver, as in this case, and the appellant does not contend that the government is in breach of the plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Our review of the record leads us to conclude that Nash's waiver of his right to appeal his convictions and sentence was knowing and intelligent. In the signed plea agreement, Nash agreed to "waive[] all such rights to contest

the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct." (Joint Appendix at 68). In addition, he acknowledged his right under 18 U.S.C. § 3742 to appeal his sentence and "waive[d] all rights conferred by [Section 3742] or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above." (Id.). During the Rule 11 hearing, the appeal waiver provision was summarized and Nash acknowledged under oath that he was waiving his right to appeal his convictions and sentence. By virtue of the appeal waiver, Nash has waived review of the sentencing issues counsel raises in the Anders brief and the issues Nash raises in his pro se supplemental brief.

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. Thus, based on the appeal waiver, we dismiss the appeal. We deny Nash's motion to apply Simmons and the FSA and to direct that a merits brief be filed by the parties. This court requires that counsel inform Nash in writing of his right to petition the Supreme Court of the United States for further review. If Nash requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Nash.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED